**FOXWORTH LAW GROUP**
Roderick L. Foxworth, Jr., Esquire
Attorney I.D. No. 326960
Two Logan Square
100 N. 18th Street, Suite 303
Philadelphia, PA 19103
Phone: (445) 248-9911
Direct: (445) 215-4061
Fax:     (215) 754-1794
Email: rfoxworth@foxworthlawgroup.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STACEY ANN SANTIAGO and SORAYAH ABREU, | : : : | |
| Plaintiffs, | : : | No. 2:25-cv-04975-JS |
| vs. | : : : | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA, WYDELL COMPTON, ANITRA CAIN, and JOHN DOE, | : : : | |
| Defendants. | : : | |

## AMENDED COMPLAINT

AND NOW COME Plaintiffs, Stacyann Santiago and Soroyah Abreu, by and through their counsel, Roderick L. Foxworth, Jr., Esquire and the Foxworth Law Group, and files this Complaint against Defendants, City of Philadelphia, Wydell Compton, Anitra Cain, and John Doe, for causes of action arising from a motor vehicle accident that occurred on May 28, 2023, and the subsequent misconduct by the officers, Wydell Compton and Anitra Cain, who responded to the scene.

Plaintiffs bring this action seeking damages for civil conspiracy, fraud, negligent misrepresentation, negligence, civil rights violations, concert of action, deceit, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent performance of undertaking to render services, liability to third party for negligent performance of undertaking,

and other claims arising from Defendants' conduct in connection with the aforementioned motor vehicle accident and its aftermath.

## PARTIES

1.  Plaintiff, Staceyann Santiago ("Plaintiff Santiago"), is a citizen and resident of the Commonwealth of Pennsylvania, residing at 2115 E. Bellmore Ave, Philadelphia, Pennsylvania 19134.

2.  Plaintiff, Soroyah Abreu ("Plaintiff Abreu"), is a citizen and resident of the Commonwealth of Pennsylvania, residing at 2115 E. Bellmore Ave, Philadelphia, Pennsylvania 19134.

3.  Defendant, City of Philadelphia ("Defendant City"), is a municipal corporation and political subdivision of the Commonwealth of Pennsylvania, with its principal place of business located at 1515 Arch Street, 17th Floor, Philadelphia, Pennsylvania 19102 and operates its own police department.

4.  Defendant, Wydell Compton ("Defendant Compton"), is an individual employed by the City of Philadelphia as a Philadelphia Police Officer who responded to and/or were involved in the investigation of the motor vehicle accident that occurred on May 28, 2023, and he is citizen and resident of the Commonwealth of Pennsylvania residing at 1247 E. Cardeza Street, Philadelphia, PA 19119.  Defendant Compton is being sued in his individual and official capacity.

5.  Defendant, Arnitra Cain ("Defendant Cain"), is an individual employed by the City of Philadelphia as a Philadelphia Police Officer who responded to and/or were involved in the investigation of the motor vehicle accident that occurred on May 28, 2023, and she is citizen and resident of the Commonwealth of Pennsylvania residing at 1402 Alcott Street, Philadelphia, PA 19149.  Defendant Cain is being sued in her individual and official capacity.

6.  Defendants Compton and Cain are hereinafter *collectively* known as "Defendant Officers."

7. Defendant, John Doe ("Defendant Driver"), is an adult individual who, on information and belief, was the operator of the motor vehicle that struck Plaintiffs on May 28, 2023, and who may reside in the City and County of Philadelphia, Pennsylvania. The true name and identity of this individual is currently unknown to Plaintiffs, but may be ascertained through discovery.

8. At all times material to the causes of action asserted herein, Defendant Officers were acting within the scope of their employment as Philadelphia Police Officers for the City of Philadelphia and were charged with the professional responsibility of conducting proper investigations, writing accurate police reports, and protecting and serving the citizens of Philadelphia, including Plaintiffs.

9. Plaintiffs reserve the right to amend this Complaint to reflect the correct legal names, capacities, and addresses of any Defendants herein upon discovery of such information.

**OPERATIVE FACTS**

10. On or about May 28, 2023, at or around 9:08 pm, Plaintiff Santiago was lawfully operating a borrowed two-seated motorized scooter/motorcycle, in which Plaintiff Abreu was a lawful passenger, traveling on Westmoreland Street in the City and County of Philadelphia, Pennsylvania.

11. At the same date, time, and location, Plaintiff Santiago approached the intersection of Westmoreland Street and Jasper Street and made a lawful left turn at a green traffic light.

12. At the same date, time, and location, Defendant Driver was operating a motor vehicle traveling in the area of the intersection of Westmoreland Street and Jasper Street in the City and County of Philadelphia, Pennsylvania.

13. Suddenly, and without warning, Defendant Driver negligently and/or carelessly operated his vehicle in such a manner as to strike Plaintiffs' motorcycle, causing both Plaintiffs to

be thrown from and ejected from the motorcycle, thereby causing severe and permanent injuries to both Plaintiffs.

14. Upon information and belief, immediately following the motor vehicle accident, Defendant Officers arrived at the scene of the accident and, instead of conducting a proper investigation and protecting the rights of the injured Plaintiffs, engaged in a conspiracy to protect and cover up the actions of Defendant Driver.

15. Upon information and belief, Defendant Officers intentionally and deliberately failed to write a proper police report documenting the accident and the injuries sustained by Plaintiffs, and instead falsely reported the accident as "unfounded," thereby depriving Plaintiffs of their rights to proper police investigation and documentation of the incident.

16. As a direct and proximate result of the motor vehicle accident and the subsequent misconduct by Defendant Officers, Plaintiffs suffered severe and permanent bodily injuries, pain and suffering, emotional distress, medical expenses, lost wages, and other damages as more fully set forth below.

## COUNT ONE (1) - NEGLIGENCE
## PLAINTIFFS v. DEFENDANT JOHN DOE

17. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

18. Defendant John Doe is liable for Plaintiffs' injuries described herein, inasmuch as Plaintiffs' injuries are the direct and proximate result of his negligence and recklessness as set forth.

19. The negligence and/or carelessness of Defendant John Doe consisted of the following:

    a. Operating said motor vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiffs or others;

b. Failing to have said motor vehicle under proper and adequate control;

c. Failing to observe the position of Plaintiffs' motorcycle and to take such action as was necessary to prevent the accident;

d. Being inattentive to his duties as an operator of a motor vehicle;

e. Disregarding traffic lights, lanes, patterns and other traffic control devices;

f. Failing to keep an adequate distance in roadway to prevent incident;

g. Speeding;

h. Failing to remain continually alert while operating said motor vehicle;

i. Failing to perceive the highly apparent danger to others which his actions and/or inactions posed;

j. Failing to give Plaintiffs meaningful warning signs concerning the impending accident;

k. Failing to exercise ordinary care to avoid an accident;

l. Operating said motor vehicle with disregard for the rights, safety and proximity of Plaintiffs, even though Defendant John Doe was aware or should have been aware of Plaintiffs' presence and the threat of harm posed to Plaintiffs;

m. Failing to operate said vehicle in compliance with the applicable local laws and ordinances of the City of Philadelphia, and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and

n. Negligently and/or carelessly operating a motor vehicle in such a manner as to strike Plaintiffs' motorcycle at the intersection.

20. As a direct and proximate result of the negligent and/or careless conduct of Defendant John Doe, Plaintiffs have suffered various, serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions.

21. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiffs have in the past, are presently and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer great pain, anguish, sickness, and agony for an indefinite time into the future.

22. As an additional result of the carelessness and/or negligence of Defendant John Doe, Plaintiffs have suffered emotional injuries, along with the physical injuries.

23. As a further result of their injuries, Plaintiffs have suffered limitations of life, as they have been medically compelled to make dramatic changes to life and their lifestyles to avoid the possibility of a painful relapse or an exacerbation of the injured areas.

24. Furthermore, in addition to all the injuries and losses suffered, the Plaintiffs have also incurred or will incur medical, rehabilitative, and other related expenses in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, et. seq., as amended, for which Plaintiffs make a claim for payment in the present action.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant John Doe in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT TWO (2) - CIVIL CONSPIRACY
### PLAINTIFFS v. DEFENDANT DRIVER AND DEFENDANT OFFICERS

25. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

26. Upon information and belief, Defendant Driver and Defendant Officers entered into a civil conspiracy to deprive Plaintiffs of their civil rights and to obstruct justice by covering up the true facts surrounding the motor vehicle accident of May 28, 2023.

27. The conspiracy consisted of an agreement between and among the Defendants to:

 a. Protect Defendant John Doe from prosecution and civil liability for the motor vehicle accident;

 b. Intentionally fail to conduct a proper investigation of the motor vehicle accident;

 c. Intentionally fail to write an accurate and complete police report documenting the accident;

 d. Falsely report the accident as "unfounded" to prevent proper legal recourse by Plaintiffs;

 e. Deprive Plaintiffs of their constitutional and statutory rights to equal protection under the law and due process.

28. In furtherance of this conspiracy, Defendants committed overt acts including but not limited to:

 a. Failing to properly investigate the motor vehicle accident;

 b. Failing to interview witnesses;

 c. Failing to document the scene of the accident appropriately;

 d. Filing a false police report stating the accident was "unfounded";

 e. Failing to charge or cite Defendant John Doe for any traffic violations;

 f. Concealing evidence of Defendant John Doe's negligent operation of his motor vehicle.

29. As a direct and proximate result of Defendant Driver's and Defendant Officers' civil conspiracy, Plaintiffs have been deprived of their constitutional rights and have suffered additional damages beyond those caused by the initial motor vehicle accident, including but not limited to emotional distress, loss of faith in the justice system, and impediments to their ability to seek proper legal recourse.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Driver and Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs

that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT THREE (3) - FRAUD
### PLAINTIFFS v. DEFENDANT OFFICERS

30. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

31. Defendant Officers, acting individually and in concert with one another, committed fraud by making material misrepresentations of fact with the intent to deceive Plaintiffs and the public regarding the circumstances of the motor vehicle accident of May 28, 2023.

32. Specifically, Defendant Officers made the following material misrepresentations:

   a. Falsely reporting that the motor vehicle accident was "unfounded";

   b. Misrepresenting the facts and circumstances surrounding the accident;

   c. Concealing material evidence regarding Defendant John Doe's negligent operation of his motor vehicle;

   d. Misrepresenting that a proper investigation had been conducted when no such investigation occurred.

33. These misrepresentations were made with knowledge of their falsity or with reckless disregard for the truth, with the intent that Plaintiffs and others would rely upon them.

34. Plaintiffs justifiably relied upon these misrepresentations to their detriment, including but not limited to delays in seeking proper legal recourse and difficulties in obtaining accurate information about the accident.

35. As a direct and proximate result of Defendant Officers' fraudulent conduct, Plaintiffs have suffered damages including emotional distress, loss of faith in governmental institutions, and impediments to their pursuit of justice.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against all Defendants in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by

Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### **COUNT FOUR (4) - NEGLIGENT MISREPRESENTATION**
### **PLAINTIFFS v. DEFENDANT OFFICERS**

36. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

37. Defendant Officers had a duty to provide accurate information regarding the motor vehicle accident investigation and to file truthful police reports.

38. Defendant Officers negligently misrepresented material facts by:

   a. Filing inaccurate police reports;

   b. Providing false information about the circumstances of the accident;

   c. Failing to disclose material facts regarding Defendant John Doe's role in causing the accident;

   d. Representing that the accident was "unfounded" when such representation was false.

39. These misrepresentations were made in the course of Defendant Officers' professional duties and were intended to guide Plaintiffs' and others' conduct regarding the accident.

40. Plaintiffs justifiably relied upon these misrepresentations and suffered harm as a result.

41. As a direct and proximate result of Defendant Officers' negligent misrepresentation, Plaintiffs have suffered damages including impediments to their legal rights and emotional distress.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by

Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

## COUNT FIVE (5) - CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)
## PLAINTIFFS v. DEFENDANT CITY AND DEFENDANT OFFICERS

42. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

43. At all times relevant hereto, Defendant Officers were acting under color of state law within the meaning of 42 U.S.C. § 1983.

44. Defendant City and Defendant Officers violated Plaintiffs' rights guaranteed by the Fourteenth Amendment to the United States Constitution, including but not limited to:

    a. The right to equal protection under the law;

    b. The right to due process of law;

    c. The right to access to the courts.

45. Defendants' violations consisted of:

    a. Intentionally failing to investigate Plaintiffs' motor vehicle accident properly;

    b. Filing false police reports regarding the accident;

    c. Protecting Defendant John Doe from appropriate legal consequences;

    d. Depriving Plaintiffs of equal treatment under the law;

    e. Denying Plaintiffs due process by obstructing their access to accurate information and proper legal recourse.

46. As a direct and proximate result of Defendant City and Defendant Officers' civil rights violations, Plaintiffs have suffered damages including emotional distress, loss of constitutional rights, and interference with their ability to seek justice.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant City and Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs

that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT SIX (6) - CONCERT OF ACTION
### PLAINTIFFS v. DEFENDANT DRIVER AND DEFENDANT OFFICERS

47. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

48. Defendant Driver and Defendant Officers, acting in concert with one another, engaged in a common plan or design to deprive Plaintiffs of their rights and to obstruct justice regarding the motor vehicle accident of May 28, 2023.

49. Defendant Driver and Defendant Officers, knowing of and intending to further the common plan, participated in or encouraged the wrongful conduct of the other Defendants.

50. The concert of action included but was not limited to:

    a. Coordinating efforts to protect Defendant John Doe from liability;

    b. Agreeing to file false or misleading police reports;

    c. Collectively deciding to report the accident as "unfounded";

    d. Working together to prevent Plaintiffs from obtaining accurate information about the accident.

51. As a result of this concert of action, each Defendant Driver and Defendant Officers are liable for the wrongful acts of all other Defendants.

52. As a direct and proximate result of Defendants' concert of action, Plaintiffs have suffered damages as alleged herein.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Driver and Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT SEVEN (7) - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**PLAINTIFFS v. DEFENDANT DRIVER AND DEFENDANT OFFICERS**

53. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

54. Defendant Driver's and Defendant Officers' conduct in covering up the motor vehicle accident and filing false police reports was extreme and outrageous, exceeding all bounds of decency and utterly intolerable in a civilized society.

55. Defendants' conduct was intended to cause severe emotional distress to Plaintiffs, or was undertaken with reckless disregard of the probability that such distress would result.

56. Defendants knew or should have known that their conduct would cause Plaintiffs to suffer severe emotional trauma, particularly given that Plaintiffs had already suffered serious physical injuries in the motor vehicle accident.

57. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiffs have suffered severe emotional distress, including but not limited to anxiety, depression, loss of sleep, and loss of faith in governmental institutions.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Driver and Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

**COUNT EIGHT (8) - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFFS v. DEFENDANT DRIVER AND DEFENDANT OFFICERS**

58. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

59. Defendants owed Plaintiffs a duty of care to conduct proper investigations and to file accurate police reports.

60. Defendants breached this duty by their negligent conduct as alleged herein.

61. As a foreseeable result of Defendants' negligent breach of their duties, Plaintiffs have suffered severe emotional distress.

62. Plaintiffs' emotional distress is evidenced by physical manifestations and symptoms including but not limited to anxiety, depression, sleep disturbances, and loss of trust in law enforcement.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Driver and Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT NINE (9)
### NEGLIGENT PERFORMANCE OF UNDERTAKING TO RENDER SERVICES
### PLAINTIFFS v. DEFENDANT OFFICERS

63. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

64. Defendant Officers undertook to render services to Plaintiffs and the public by investigating motor vehicle accidents and filing accurate police reports.

65. Defendant Officers negligently performed this undertaking by:

   a. Failing to properly investigate the motor vehicle accident;

   b. Filing false or inaccurate police reports;

   c. Failing to follow established protocols and procedures;

   d. Misrepresenting the facts and circumstances of the accident.

66. Defendant Officers' negligent performance of their undertaking increased the risk of harm to Plaintiffs beyond that which would have existed if Defendant Officers had not undertaken to provide these services.

67. Plaintiffs reasonably relied upon Defendant Officers' undertaking to provide proper investigation and reporting services.

68. As a direct and proximate result of Defendant Officers' negligent performance of their undertaking, Plaintiffs have suffered harm including impediments to their legal rights and emotional distress.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT TEN (11)
### LIABILITY TO THIRD PARTY FOR NEGLIGENT PERFORMANCE OF UNDERTAKING
### PLAINTIFFS v. DEFENDANT OFFICERS

69. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

70. Defendant Officers undertook to render services to the public, including Plaintiffs, by investigating motor vehicle accidents and providing accurate reports of such investigations.

71. Defendant Officers negligently performed this undertaking, thereby failing to exercise reasonable care to protect Plaintiffs from harm.

72. Defendant Officers' negligent performance directly increased the risk of harm to Plaintiffs by:

   a. Depriving them of accurate information necessary to pursue their legal rights;

   b. Creating impediments to their ability to seek compensation for their injuries;

   c. Causing additional emotional distress and harm.

73. As a direct and proximate result of Defendant Officers' negligent performance of their undertaking to render services, Plaintiffs have suffered harm and damages as alleged herein.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by

Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT ELEVEN (11) - DECEIT
### PLAINTIFFS v. DEFENDANT OFFICERS

74. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

75. Defendant Officers knowingly and intentionally made false representations of material facts regarding the motor vehicle accident of May 28, 2023.

76. Specifically, Defendant Officers falsely represented that:

   a. The motor vehicle accident was "unfounded";

   b. A proper investigation had been conducted;

   c. No evidence existed to support Plaintiffs' account of the accident.

77. These representations were made with knowledge of their falsity and with intent to deceive Plaintiffs and prevent them from pursuing their legal rights.

78. Plaintiffs justifiably relied upon these false representations to their detriment.

79. As a direct and proximate result of Defendant Officers' deceitful conduct, Plaintiffs have suffered damages including emotional distress and impediments to their pursuit of justice.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Officers in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT TWELVE (12) - MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983
### (MONELL CLAIM)
### PLAINTIFFS v. CITY OF PHILADELPHIA

80. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

81. Defendant City of Philadelphia, acting through its policymakers and/or pursuant to its customs, policies, or practices, violated Plaintiffs' constitutional rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

82. The constitutional violations were committed pursuant to:

    a. Official policies of the City of Philadelphia that encourage or permit police officers to engage in cover-ups and obstruction of justice;

    b. Customs or practices of the City of Philadelphia that are so persistent and widespread as to constitute the functional equivalent of official policy;

    c. Deliberate indifference by policymakers to the constitutional rights of citizens involved in motor vehicle accidents.

83. The City of Philadelphia's policies, customs, and/or practices were the moving force behind the constitutional violations suffered by Plaintiffs.

84. As a direct and proximate result of the City of Philadelphia's municipal liability, Plaintiffs have suffered violations of their constitutional rights and damages as alleged herein.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant City of Philadelphia in excess of Two Million ($2,000,000.00) Dollars together with those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

### COUNT THIRTEEN (13) - PROPERTY DAMAGE
### PLAINTIFFS v. DEFENDANT JOHN DOE

85. Plaintiffs hereby incorporate by reference each and every paragraph and averment of their Complaint as if the same were set forth at length herein.

86. As a direct and proximate result of the negligent and/or careless conduct of Defendant John Doe, Plaintiffs suffered damage to their borrowed motorized scooter/motorcycle that they were operating at the time of the accident.

87. The motorcycle sustained significant damage requiring repair or replacement as a result of the collision caused by Defendant John Doe's negligence.

88. Plaintiffs are entitled to compensation for the property damage caused by Defendant John Doe's negligent operation of his motor vehicle.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant John Doe in the amount of Twenty-Five Thousand ($25,000.00) Dollars together with those costs that are permitted by Court Rule and included in a Bill of Costs, and any other damage that is permitted by the Court or by Court Rule.

## JURY DEMAND

A. Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law.

B. Plaintiffs have also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

## CERTIFICATION

I hereby certify that to best of my knowledge, information, and belief, the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Date:  November 17, 2025

**FOXWORTH LAW GROUP**

/s/ Roderick L. Foxworth, Jr.
Roderick L. Foxworth, Jr., Esquire
*Attorney for Plaintiffs*